IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Hatten, <br><br> Plaintiff, <br><br> vs. <br><br> United States of America, <br><br> Defendant. | C/A No. 4:21-cv-2912-JFA-TER <br><br><br> **OPINION AND ORDER** |

### I.     INTRODUCTION

Plaintiff Michael Hatten asserted this action against the United States of America pursuant to the Federal Torts Claim Act. Although Plaintiff is a federal prisoner proceeding *pro se*, he has paid the full filing fee and is therefore not proceeding *in forma pauperis*. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings.

The Magistrate Judge assigned to this action advised Plaintiff that he was responsible for service of process under Federal Rule of Civil Procedure 4. Plaintiff was further warned that under "Rule 4(m), unless a Defendant is served within 90 days after the summonses are issued as directed by this Order, that particular unserved Defendant may be dismissed without prejudice from this case." (ECF No. 29).

Because the summons was issued by the Court on November 1, 2021, service was due by January 31, 2022. After this January 31, 2022, deadline passed with no communication from Plaintiff, the Magistrate Judge prepared a thorough Report and

1

Recommendation ("Report"), which opines that this action should be dismissed without prejudice under Rule 4(m) for Plaintiff's failure to timely serve the only Defendant. (ECF No. 33).

Plaintiff filed objections to the Report on February 28, 2021. (ECF No. 36). Thus, this matter is ripe for review.

## II.     STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report

thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

Because Plaintiff is representing himself, these standards must be applied while liberally construing his filings in this case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### III.     DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and therefore no further recitation is necessary here. (ECF No. 33). In response to the Report, Plaintiff avers that he "did in fact serve the Defendant in question." (ECF No. 36). Specifically, Plaintiff asserts that he mailed the "process receipt and return[1] and summons" to the district court sometime in November 2021.

---

[1] This "process receipt and return" appears to be a reference to the standard form used when a plaintiff is requesting service by the United States Marshals Service. Plaintiff was advised in the

3

Plaintiff is unsure what happened after that but suggests that documents sent to the clerk of court were "misplaced either at the institution, in transit or either at the clerk's office." *Id.* Thus, Plaintiff requests that his action be allowed to proceed. In support of this request, he attached another set of completed summonses and process receipt and return forms to his objections.

The Court is unable to verify if and when Plaintiff actually sent his original summons and service forms to the United States Marshals in an attempt to effectuate service on the Defendant. However, Plaintiff has attached copies of those forms to his objections. (ECF No. 36-1). Accordingly, Plaintiff has shown good cause as to why the time limit for service should be extended. Therefore, the Court will allow Plaintiff 60 additional days from the date of this Order in which to serve the Defendant. Additionally, to avoid any other unnecessary delay, the Clerk of Court is ordered to hand deliver copies the process receipt and return forms attached to Plaintiff's objections (ECF No. 36-1, p. 3-4), the two summonses previously issued by the Court on November 1, 2021 (ECF No. 30), and two copies of the Amended Complaint (ECF No. 20) to the United States Marshals service.

As previously advised, Plaintiff is reminded that:

> Plaintiff also has the option to forward the service document and Amended Complaint to the United States Marshals Service. **The United States Marshals Service (USMS) is authorized by law (28 U.S.C. 1921) to charge fees for the service of process. The amount of fees charged is established by regulation (28 C.F.R. 0.114). The USMS may request advance payment of the estimated fees and expenses for service of**

---

order authorizing service of process that he "had the option to forward the service document and Amended Complaint to the Untied States Marshals Service" for service. (ECF No. 29, p. 2).

4

**process.** *See* "INSTRUCTIONS FOR SERVICE OF PROCESS BY U.S. MARSHAL." Again, service is Plaintiff's responsibility.

By ordering that the Clerk deliver service documents and the Amended Complaint to the United State Marshals, this Order does not relieve Plaintiff of any obligation to pay fees required by the United States Marshals Service or ultimately proving that he has properly served the Defendant.

### IV.    CONCLUSION

Given the above decision to extend the time in which Plaintiff has to effectuate service, the Court declines to adopt the Report. The matter is remanded to the Magistrate Judge for further consideration.

IT IS SO ORDERED.

March 2, 2022                                    Joseph F. Anderson, Jr.
Columbia, South Carolina                   United States District Judge