IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Hatten,<br><br>      Plaintiff,<br><br>vs.<br><br>United States of America,<br><br>      Defendant. | C/A No. 4:21-cv-2912-JFA-TER<br><br><br>**OPINION AND ORDER** |

## I.  INTRODUCTION

Plaintiff Michael Hatten, ("Plaintiff"), proceeding pro se, brings this action pursuant to the Federal Torts Claim Act ("FTCA"). This action arises out of the Federal Bureau of Prison's ("BOP") response to the COVID-19 pandemic. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings. Specifically, the Magistrate Judge conducted an initial review of Defendant's motion to dismiss for lack of subject matter jurisdiction. (ECF No. 48).

After reviewing the motion and all subsequent briefings, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report"), which opines that the motion be granted. (ECF No. 59). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

1

Plaintiff filed objections to the Report on February 7, 2023. (ECF No. 62). Thus, this matter is ripe for review.

## II.     STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. 28 U.S.C. § 636(b).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150,

2

at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

The legal standard employed in a motion to dismiss is well-settled and correctly stated within the Report. Accordingly, that standard is incorporated herein without a recitation.

### III. DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and therefore no further recitation is necessary here. (ECF No. 59). In short, the Report recommends that Defendant's Motion to Dismiss as it relates to Plaintiff's negligence claims based on the general duties found in 18 USC §4042 and the regulations and guidelines by the CDC, should be granted as these claims are barred by the discretionary function exception to the FTCA. Additionally, Plaintiff's negligence claim based on the BOP's failure to follow its own COVID-19 protocol is also barred by the discretionary function exception.

Plaintiff asserts several arguments within his objections. Initially, Plaintiff avers that the Report "ignored the overwhelming evidence on record of FCI Williamsburg officials' negligent actions that knowingly defied the BOP Covid-19 response plan that is contested to comprise the relevant Covid-19 policies applicable to FCI Williamsburg." (ECF No. 62, p. 1). Plaintiff summarily asserts that he "has met his burden of proof with regard to the allegation of negligence on the part of FCI Williamsburg for failing to adhere to the Covid-19 policies, which rebuttals the challenge to the court's subject matter jurisdiction." (*Id.*).

However, Plaintiff fails to acknowledge that this argument was squarely considered and rejected within the Report. Specifically, the Report analyzed the Covid-19 policies at issue and determined that they "include descriptive terms indicating guidance, recommendations, general principles, and recommended approaches, but they do contain mandatory language to describe the guidance, recommendations, principals, and approaches." (ECF No. 59, p. 16). Thus, the Report correctly concluded that the discretionary function exceptions bars Plaintiff's claims. Therefore, Plaintiff's assertion that he has sufficiently pled facts showing that Defendant violated its own policies misses the mark. Any potential violation of the policies at issue is immaterial if the suit is initially barred by the discretionary function exception. The FTCA bars any claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of . . . an employee of the government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a).

Plaintiff next avers that the Report "failed to assess in its analysis the prison officials' actions at FCI Williamsburg that would not be shielded by the discretionary

4

function exception because no policy considerations would be implicated." (ECF No. 62, p. 1-2). Plaintiff, however, fails to offer any evidence to support this proposition. Just as in the Report, Plaintiff fails to carry his burden because he has failed to point to any specific act or omissions that should not be shielded by the discretionary function exception. Accordingly, this objection fails to show any error within the Report.

The remainder of Plaintiff's objections amount to mere disagreements with the Report's conclusions and therefore fail to point to any errors within the Report. Accordingly, they do not constitute specific objections which warrant a de novo review.

### IV.    CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Plaintiff specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 59). Thus, Defendant's Motion to Dismiss (ECF No. 48) is granted and this action dismissed for lack of jurisdiction.

IT IS SO ORDERED.

March 14, 2023                                          Joseph F. Anderson, Jr.
Columbia, South Carolina                                United States District Judge